UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DR. R. CRAIG STILLWELL                                         PLAINTIFF

v.                                      CIVIL ACTION NO. 3:25CV-257-JHM

CABINET FOR HEALTH AND FAMILY
SERVICES *et al.*                                       DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Dr. R. Craig Stillwell filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon screening of the complaint, the instant action will be dismissed for the reasons that follow.

### I.  FACTUAL ALLEGATIONS

Plaintiff brings this action under 42 U.S.C. § 1983 against the following Defendants: the Cabinet for Health and Family Services (CHFS); Kyle Williamson, identified as the Commonwealth's Attorney for Larue County; Sobriety Peace Awareness Recovery (SPARC); Addiction Recovery Care (ARC); and the Commonwealth of Kentucky. He sues Defendant Williamson in his individual capacity only.

Plaintiff states that in May 2023 he was "involuntarily committed under 'Casey's Law' to SPARC, a treatment center grounded in [Alcohol Anonymous] AA's 12-step philosophy and religious teachings." He maintains that he "explicitly informed the court and Defendants that he opposed religious-based treatment and requested a secular alternative." He asserts, "While at SPARC, Plaintiff participated in an AA meeting where he used his designated sharing time to

read an article critical of AA's religious underpinnings. This act led to written consequences and heightened scrutiny from staff."

Plaintiff states, "On or around July 27, 2023, Plaintiff was suddenly arrested on facility grounds and jailed for 14 days without any pre-detention hearing, notice, or legal representation, in violation of his due process rights." He asserts that Williamson "was directly involved in the decision to characterize Plaintiff's removal from the facility as a 'failure to complete treatment,' a false assertion that triggered the unlawful jailing." Plaintiff reports that after his incarceration, he "was transferred to ARC, another 12-step, religious-based program, where his objections were again ignored." He states that he filed multiple complaints "documenting the religious coercion and lack of procedural safeguards[,]" including to CHFS. He maintains that he "was forced to attend religious programming under threat of punishment, despite his stated objections, and was subjected to retaliation for voicing those objections."

Plaintiff alleges § 1983 claims for violation of his rights to free speech and free exercise of his religion under the First Amendment, violation of his right to due process under the Fourteenth Amendment, and retaliation.

As relief, Plaintiff seeks compensatory and punitive damages and declaratory relief.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v.*

*Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. CHFS and Commonwealth of Kentucky

A state and its agencies, such as CHFS, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and Congress did not intend to override the traditional sovereign immunity of the states in enacting § 1983. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Therefore, Plaintiff's claims against CHFS and the Commonwealth will be dismissed for seeking monetary damages from a defendant who is immune from such relief.

### B. Williamson

Plaintiff identifies Williamson as the Larue County Commonwealth's Attorney. Prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Plaintiff's claim against Williamson is based on the decision to incarcerate him and is therefore barred by prosecutorial immunity. As such, this claim must also be dismissed for seeking monetary damages from a defendant who is immune from such relief.

### C.  SPARC and ARC

Plaintiff states that SPARC is "a residential substance abuse treatment facility located in Russell Springs, Kentucky, operated in part under the authority of CHFS."  He asserts that ARC is "a private treatment facility located in Louisa, Kentucky, also partnered with the state in court-ordered rehabilitation placements."  He also alleges, "Defendants acted under color of law to enforce policies and procedures that coerced religious observance, retaliated against Plaintiff for protected speech, and violated due process by jailing Plaintiff without a hearing."  While the Court is required to construe the *pro se* complaint broadly, as stated above, the Court is not required to accept Plaintiff's legal conclusions concerning whether these entities were state actors for § 1983 purposes.  *See Tackett*, 561 F.3d at 488.

Private parties may be held liable under § 1983 only if they are "state actor[s]" that operated under "under color of law" such that their "private conduct is fairly attributable to the state."  *Moldowan v. City of Warren*, 578 F.3d 351, 399-400 (6th Cir. 2009).  The Sixth Circuit generally uses three tests for determining whether a private actor may be treated as a state actor: "the public-function test, the state-compulsion test, and the nexus test."  *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

The public-function test "'requires that the private [entity] exercise powers which are traditionally **exclusively** reserved to the state.'"  *Carl*, 763 F.3d at 595 (emphasis added) (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).  Examples of such functions are holding elections, exercising eminent domain, or providing medical care in a correctional facility.  *See Nugent v. Spectrum Health Servs.*, 72 F.4th 135, 140-41 (6th Cir. 2023).  The Sixth Circuit has held that "we interpret the public-function test narrowly, and under it we rarely attribute private conduct to the state."  *Id.*  Plaintiff does not allege facts to support that the

5

Commonwealth or any other government entity exclusively establishes and runs substance abuse treatment centers. *See Range v. Eagan*, No. 17-11245, 2017 U.S. Dist. LEXIS 228033, at *7-8 (E.D. Mich. Dec. 6, 2017) (finding that "substance abuse counseling is 'an activity that cannot plausibly be deemed an exclusive state function'") (quoting *Roberts v. Paige*, No. 10-CV-13743, 2013 U.S. Dist. LEXIS 138686 (E.D. Mich. Sept. 27, 2013)). Therefore, the Court finds that SPARC and ARC are not state actors under the public-function test.

"The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state." *Memphis, Tenn. Area Loc., Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). This requires "[m]ore than mere approval or acquiescence in the initiatives of the private party." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). There is no factual basis presented in the complaint that the Commonwealth or any other government entity significantly encouraged or coerced SPARC or ARC to take allegedly unconstitutional action. *See Melvin v. State of Conn.*, 16-CV-0537, 2017 U.S. Dist. LEXIS 141735, at *10-11 (D. Conn. Sept. 1, 2017) (dismissing claim on initial review finding private residential drug treatment program was not a state actor under § 1983 where plaintiff resided at the facility as a condition of parole). As such, Plaintiff has failed to allege state action under the state compulsion test.

Under the nexus test, also referred to as the symbiotic test, "there must be a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Inner City Contracting, LLC v. Charter Twp. of Northville*, 87 F.4th 743, 757 (6th Cir. 2023). "[M]ere cooperation simply does not rise to the level of merger required for a finding of state action." *Marie v. Am. Red Cross*,

6

771 F.3d 344, 363 (6th Cir. 2014) (citing *Lansing v. City of Memphis*, 202 F.3d 821, 831 (6th Cir. 2000)). This test "requires, for example, a showing that the state 'directed or otherwise ordered' the private party's actions." *Kennedy v. Fields*, No. 23-11949, 2024 U.S. Dist. LEXIS 113553, at *7 (E.D. Mich. May 14, 2024) (quoting *Williams v. City of Detroit*, No. 2:19-CV-12600-TGB, 2020 U.S. Dist. LEXIS 134830, at *15 (E.D. Mich. July 30, 2020)), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 112691 (E.D. Mich. June 26, 2024). "State action is not established merely because a private individual or entity receives government funding or is subject to extensive government regulation." *Bell v. Self, Inc.*, No. 23-CV-3646, 2023 U.S. Dist. LEXIS 190431, at *10 (E.D. Pa. Oct. 24, 2023) (dismissing claim on screening under § 1915(e) finding that homeless shelter was not a state actor and collecting cases); *see also Shannon v. C.A.P.S. Inc.*, No. 3:22-CV-00259, 2022 U.S. Dist. LEXIS 79963, at *7 (M.D. Tenn. May 3, 2022) (dismissing claim on initial review against substance abuse treatment facility finding that "[s]uch a nexus is not established by a state authorizing a private entity 'to coordinate and provide substance abuse treatment to parolees'") (quoting *Merrill v. Mental Health Sys.*, No. 3:16-CV-01090-GPC-JMA, 2016 U.S. Dist. LEXIS 124245, at *13 (S.D. Cal. Sept. 13, 2016) (collecting cases)); *Veeder v. TRI-CAP*, No. 17-CV-11690, 2020 U.S. Dist. LEXIS 35568, at *12-25 (E.D. Mich. Jan. 30, 2020) (finding substance abuse treatment facility was not a state actor under § 1983) (collecting cases), *report and recommendation adopted*, No. 4:17-CV-11690, 2020 U.S. Dist. LEXIS 34147 (E.D. Mich. Feb. 28, 2020); *Gross v. Samudio*, 630 F. App'x 772, 773-775, 778-779 (10th Cir. 2015) (holding a sex-offender treatment center did not engage in state action with regard to the plaintiff, who participated as a condition of parole, when the state exercised no coercive power regarding the center's challenged conduct and finding the mere contract between the center and the government was

insufficient to give rise to state action). Therefore, the Court finds that Plaintiff has failed to allege that SPARC or ARC were state actors under the nexus text.

For the foregoing reasons, the Court finds that the allegations in the complaint do not support that SPARC or ARC are state actors and that Plaintiff's § 1983 claims against them must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Accordingly, the complaint will be dismissed by separate Order.

Date: August 14, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiffs, *pro se*
4414.010